**Surjit SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–74879.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 9, 2006.*

Decided Jan. 19, 2006.

Inna Lipkin, Esq., Law Offices of Kuldip Singh Dhariwal, Fremont, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Michelle E. Gorden, Esq., Daniel E. Goldman, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HUG, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Surjit Singh, a native and citizen of India, petitions for review of the Board of

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Immigration Appeals' ("BIA") decision, which summarily affirmed the Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

Where, as here, the BIA affirms without an opinion, we review the IJ's decision directly. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence an adverse credibility determination. *Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001). We grant the petition and remand.

■ The IJ failed to address petitioner's explanation for an inconsistency between his testimony and his wife's affidavit, for a dispute regarding testimony given to an asylum officer, and for his testimony that no others were arrested when he was arrested. The IJ's findings in this regard cannot support the adverse credibility determination. *See Kaur v. Ashcroft,* 379 F.3d 876, 887 (9th Cir.2004) (holding an IJ must to address a petitioner's explanation for inconsistencies to rely upon them as the basis for an adverse credibility finding).

■ In addition, the IJ's finding that Singh could not name political leaders and used another person's passport was not supported by the record and did not go to the heart of his claim. *See id.* at 888. Finally, the IJ's demeanor finding that Singh was evasive was not supported by the record, as Singh answered the substance of the questions posed to him concerning how he crossed the border and whether he had identity papers. *See Jibril v. Gonzales,* 423 F.3d 1129, 1137 (9th Cir.2005). Accordingly, the IJ's adverse credibility is not supported by substantial evidence. *See Kaur,* 379 F.3d at 887.

Therefore, we grant the petition and remand for further proceedings to determine whether, accepting Singh's testimony as credible, he is eligible for asylum, withholding of removal and CAT relief. *See INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED and REMANDED.**